## William Bundy v. Florence Catto.

1. Highways—*Rights of the Owner of the Fee.*—The public have an easement in the soil of a highway for travel thereon, and for using the same in a reasonable and proper manner, to keep the highway in repairs, and to improve it, not only at the place where the soil is taken, but at other points upon the highway.

Transcript from a Justice of the Peace.—Appeal from the Circuit Court of Macon County; the Hon. Edward P. Vail, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

W. C. Johns, attorney for appellant, contended that where a highway is laid out, the public, and through them the commissioners of highways, acquire an easement in the land appropriated, not only for travel upon the same, but for using the soil within the lines of the highway in a reasonable and proper manner to keep the highway in repair and to improve it, not only at the point where the soil is taken, but at any other point upon the same road.    Jackson v. Hathaway, 8 Am. Dec. 263; Old Town v. Dooley, 81 Ill. 255; Palatine v. Krueger, 121 Ill. 75; Tucker v. Tower, 9 Pick. 109.

Where a public road is lawfully laid out, the owner of the land holds it subject to the easement of the public, and can not profit by its use within the proper exercise of the public easement, and therefore is not the owner of the earth within the line of the road as against its proper use by the commissioners of highways for the improvement and repair of the same road, and so can not recover its value when so taken and used.    McCully v. Hardy, 13 Ill. App. 633; Fawcett v. Osborn, 32 Ill. 426; Burton v. Curyea, 40 Ill. 328; Jones v. Nellis, 41 Ill. 482; Gibbs v. Jones, 46 Ill. 319; Kline v. Siebold, 89 Ill. 542.

Buckingham & Schroll, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court. This is an appeal from a judgment for $144.40 for gravel

sold by plaintiff to defendant as alleged. The evidence shows that the greater part, if not all of the gravel, was taken from within the limits of a public highway laid over the plaintiff's land, and it was all deposited upon another portion of the highway some two miles distant. The former owner of the land had released his damages upon the location of the road.

It appears that the defendant, supposing the gravel was not within the limits of the highway, bargained with the husband of the plaintiff for the privilege of taking it at a stipulated price. He had a contract with the commissioners of highways for the filling at the point where the gravel was so deposited. When the work was done, or about that time, a survey of the road where it crossed the plaintiff's land, disclosed the fact that the gravel so taken was mainly within the highway limits.

Perhaps it is more accurate to say that by the survey it was all within those limits, though it is argued that a part at least was beyond. The highway commissioners claimed that the gravel belonged to the public, refused to pay for it, and the defendant refused to pay the plaintiff.

The court held that if the point where the gravel was excavated was within the highway, the commissioners of highways, and the defendant as a contractor under them, had a right to take it for the construction or improvement of the highway further on. This holding we are inclined to approve as applied to the facts of this case. The point has not been precisely ruled in this State as to highways not within municipal corporations, though in the case of Town of Palatine v. Krueger, 121 Ill. 75, the Supreme Court seemed to recognize this view of the law.

It would be quite narrow, and often very embarrassing, to hold that the soil and gravel could be used only for improving or making the road at that point. Within reasonable bounds the public should have the right to remove and transport material from one point to another on the same road regardless of the ownership of abutting lands. The damages for opening the road, whether paid or released,

should include the right to use the land taken for the best interest of the public in that behalf.

This may well include the right to take soil from one place to fill a depression in another, and so long as the part taken is applied to the public use, the land owner has no just cause of complaint, nor has he a right to demand payment for the soil so removed. Of course there should be a limit to this power of the public, but when it is exercised within proper and convenient distances the power must in the nature of things be conceded.

But the court, though taking this view of the law, found for the plaintiff for the whole amount claimed, and this is supported by counsel upon the ground that the defendant, having contracted with the plaintiff, must pay for the gravel or return it, citing the case of Linton v. Porter, 31 Ill. 107.

In that case the subject of the contract was a specified chattel—an iron pile hammer—which the defendant still had in his possession and made no offer to return.

It was held he could not retain the chattel and refuse to pay for it. The gravel here had been taken from one place to another, and made a permanent part of the highway. It could not be returned. The case cited can not be authority upon the facts of the case at bar.

When the defendant proved that the plaintiff had no right to the gravel and that the highway commissioners, acting for the public, to whom it really belonged, claimed and obtained it for the public, he established a valid defense to all the gravel so situated.

We are of opinion the judgment should be reversed and the cause remanded.